**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TABATHA CRESPO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| **PANGEA VENTURES, LLC** | ) | |
| | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

This action is brought by Plaintiff Tabatha Crespo to redress pregnancy discrimination occurring during her employment with Pangea Ventures, LLC (Defendant). Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 2000e et seq. [hereinafter "Title VII"]

### JURISDICTION, VENUE AND PROCEDURAL PREREQUISITES TO SUIT

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).

2. Plaintiff has satisfied Title VII's procedural prerequisites to suit by filing a charge with the Equal Employment Opportunity Commission and by bringing this action within 90 days of receipt from the EEOC of Notice of Right to Sue (attached hereto as Exhibit A).

3. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to the claims in this action took place in the Northern District of Illinois.

### JURY DEMAND

4. Plaintiff demands a trial by jury on each and every claim to which she is so entitled.

### PARTIES

5. At all times relevant to this action, Plaintiff Tabatha Crespo was an employee of defendant Pangea and a resident of the Northern District of Illinois.

6 Defendant is a Delaware corporation which conducts business in the Northern District of Illinois. At all times relevant to this Complaint, Defendant has had more than 15 employees and has been an employer within the meaning of 42 U.S.C. § 2000e.

### FACTS

7. Ms. Crespo began employment with defendant as a leasing agent on or about May 15, 2013.

8. During August 2013, Ms. Crespo's supervisor asked if Ms. Crespo was feeling all right. Ms. Crespo told the supervisor that she was pregnant.

9. Ms. Crespo was absent on several days due to pre-natal appointments and pregnancy-related illness.

10. Ms. Crespo did not receive any discipline at work until October 1, 2013, when she was placed on a Performance Improvement Plan (PIP). The expectations

set forth in the PIP were different and more onerous than the expectations of similarly situated non-pregnant employees.

11. On October 21, 2013, Ms. Crespo had a dental emergency. She notified her employer that she would be absent three minutes later than was allowed under Pangea's employment policies.

12. The next day Ms. Crespo received a disciplinary write-up for the October 21st notice.

13. Ms. Crespo worked through the end of October without any absences or other infractions.

14. Nevertheless, Ms. Crespo was fired by Pangea on October 31st for the stated reason that she had failed to meet all of the performance goals set forth in the October 1st PIP.

15. Ms. Crespo did in fact achieve the numerical performance goals set forth in the PIP.

16. Non-pregnant employees with a similar work record to Ms. Crespo were not placed on PIPs.

17. Non-pregnant employees who did not meet all of their performance goals were not terminated.

18. Pangea terminated the employment of Ms. Crespo because of her pregnancy.

## CAUSE OF ACTION

19. As a result of the pregnancy discrimination to which Ms. Crespo was subjected, she suffered humiliation; embarrassment; severe emotional distress; and loss of employment.

20. Pangea acted with malice or with reckless disregard for Ms. Crespo's federally protected rights.

**WHEREFORE,** Plaintiff Tabatha Crespo prays that this Court enter judgment in her favor and against Pangea and:

- A. Award Plaintiff lost wages and lost benefits of employment;
- B. Order that Plaintiff be reinstated, or, if reinstatement is not feasible, award her future lost wages;
- C. Award Plaintiff compensatory damages for the damages she suffered from Defendant's discriminatory conduct;
- D. Award Plaintiff punitive damages;
- E. Award Plaintiff pre-judgment interest;
- F. Award Plaintiff her costs of litigation, including any expert witness costs;
- G. Award Plaintiff reasonable attorney's fees; and
- H. Grant such other relief as may be just.

_/s/ Timothy Huizenga_
Attorney for Plaintiff

TIMOTHY HUIZENGA
LAF
120 S. LASALLE ST, SUITE 900
CHICAGO, ILLINOIS 60603
(312) 347-8377

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Tabatha Crespo<br>c/o Timothy Huizenga, Esq.<br>LAF<br>120 LaSalle Street, Suite 900<br>Chicago, IL 60603 | **From:** Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2014-04836 | Katarzyna Hammond,<br>Investigator | (312) 869-8024 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*        9/11/2014

Enclosures(s)     John P. Rowe,     *(Date Mailed)*
District Director

cc:    PANGEA VENTURES LLC
Lory Bysong
640 North LaSalle Street, Suite 638
Chicago, IL. 60654